| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **SHAVITZ LAW GROUP, P.A.** |
| Justin M. Swartz (JS 7989) | Gregg I Shavitz (*pro hac vice* motion forthcoming) |
| Molly A. Brooks (MB 2350) | Hal B. Anderson (*pro hac vice* motion forthcoming) |
| 3 Park Avenue, 29th Floor | 1515 South Federal Highway, Suite 404 |
| New York, New York 10016 | Boca Raton, FL 33432 |
| Telephone: (212) 245-1000 | Telephone: (561) 447-8888 |
| Facsimile: (212) 977-4005 | Facsimile: (561) 447-8831 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

HECTOR PALACIO, individually and on behalf all others similarly situated,

     Plaintiff,

v.

E*TRADE FINANCIAL CORPORATION and E*TRADE BROKERAGE SERVICES, INC.,

     Defendants.

JUDGE HOLWELL

No. 10 CV 4030

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**



Plaintiff Hector Palacio, individually and on behalf of all others similarly situated, by his attorneys at Outten and Golden LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, a former relationship manager employed by Defendants E*TRADE Financial Corporation, and E*TRADE Brokerage Services, Inc. ("E*Trade" or "Defendants"), brings this action on behalf of himself and other similarly situated current and former employees who worked overtime for Defendants, but were unlawfully denied overtime premium pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

2. Defendant E*TRADE Financial Corporation is a financial services company that provides online brokerage and related products and services to millions of individual retail

1

investors nationwide. Defendant E*TRADE Brokerage Services, Inc. is a subsidiary of E*TRADE Financial Corporation.

3. E*Trade employs relationship managers such as Plaintiff and others similarly situated at its branch locations nationwide.

4. It is E*Trade's policy to deprive its relationship managers, including Plaintiff, of overtime wages to which the law entitles them.

5. Upon information and belief, E*Trade has classified all of its relationship managers as exempt from overtime pay requirements under federal and state law.

6. E*Trade's purpose in classifying its relationship managers as exempt from overtime pay requirements under federal and state law was in order to avoid paying them all of their earned wages.

7. By the conduct described in this Complaint, E*Trade willfully violated the Fair Labor Standards Act by failing to pay its employees, including Plaintiff, proper overtime wages as required by law.

8. Plaintiff seeks to recover unpaid wages that E*Trade owes him and similarly situated current and former E*Trade relationship managers. He brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of himself and all similarly situated current and former relationship managers who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

10. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b). Both Defendants reside in New York, New York. Both Defendants are subject to personal jurisdiction in New York.

## THE PARTIES

*Plaintiff Hector Palacio*

13.     Plaintiff Hector Palacio was employed by E*Trade as a relationship manager from approximately April 2006 through November 2008.

14.     Pursuant to E*Trade's policy and pattern or practice, Palacio regularly performed work for E*Trade's benefit without proper compensation. E*Trade did not pay Palacio a proper overtime premium for hours he worked for E*Trade's benefit in excess of forty (40) hours in a workweek.

*The Defendants*

15.     E*Trade is a Delaware corporation with its headquarters located at 135 East 57th Street, New York, New York 10022.

16.     E*Trade maintains branch offices throughout the United States, including in New York.

17.     E*Trade employed Plaintiff and other similarly situated current and former employees.

18.     E*Trade is a covered employer within the meaning of the FLSA.

19.     E*Trade has had gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for E*Trade as relationship managers, or in comparable positions with different titles, who elect to opt in to this action (the "FLSA Collective").

21. E*Trade is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff. There are many similarly situated current and former E*Trade employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to E*Trade, are readily identifiable, and can be located through E*Trade's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

22. Plaintiff worked for E*Trade as a relationships manager.

23. Plaintiff worked more than 40 hours during most weeks in which he worked for E*Trade.

24. E*Trade failed to pay plaintiff overtime compensation for any of the hours he worked over 40 in a work week.

25. E*Trade failed to keep accurate records with respect to Plaintiff's work.

26. Throughout the relevant period, it has been E*Trade's policy and pattern or practice to require, suffer, or permit Plaintiff and the members of the FLSA Collective to work in excess of forty (40) hours per week without paying them overtime wages.

27. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by E*Trade and/or E*Trade has been aware of all of the work that Plaintiff and the members of the FLSA Collective have performed.

4

28. E*Trade classified all of its relationship managers as exempt from the FLSA's overtime protections regardless of where they worked.

29. E*Trade did not perform a person-by-person analysis of every relationship managers' job duties in making its decision to classify all of its relationship managers as exempt.

30. E*Trade did not pay any of its relationship managers overtime compensation.

31. E*Trade failed to keep accurate records of the hours that the members of the FLSA Collective worked.

32. All members of the FLSA Collective performed the same primary job duties.

33. As part of its regular business practice, E*Trade has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes but is not limited to:

   (a) willfully failing to record all of the time that its employees, including Plaintiff and the members of the FLSA Collective, have worked for the benefit of E*Trade;

   (b) willfully failing to keep payroll records as required by the FLSA;

   (c) willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the requirements of the FLSA; and

   (d) willfully failing to pay their employees, including Plaintiff and the members of the FLSA Collective, overtime wages for hours that they worked in excess of forty (40) hours per week.

34. E*Trade is aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) hours per week.

35. E*Trade's failure to pay Plaintiff and the members of the FLSA Collective overtime wages for their work in excess of forty (40) hours per week was willful.

36. E*Trade's unlawful conduct has been widespread, repeated, and consistent.

37. E*Trade failed to pay Plaintiff overtime compensation for the hours he worked over forty (40) in a week.

38. E*Trade failed to keep accurate records with respect to Plaintiff's work.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act: Unpaid Overtime Wages)**
**(Brought on Behalf of Plaintiff and Similarly Situated Current and Former Employees)**

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. E*Trade has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

41. Plaintiff has consented in writing to being a party to this action, pursuant to 29 U.S.C. § 216(b).

42. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to E*Trade.

44. E*Trade is an employer of Plaintiff and other similarly situated current and former employees and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Plaintiff and other similarly situated current and former employees were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46.   E*Trade has failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

47.   E*Trade's violations of the FLSA, as described in this Complaint, have been willful and intentional.

48.   Because E*Trade's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49.   As a result of E*Trade's willful violations of the FLSA, Plaintiff and other similarly situated current and former relationship managers, and those working in comparable positions with different titles, have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.   At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by E*Trade as relationship managers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C. An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

D. Pre-judgment interest;

E. Attorneys' fees and costs of the action; and

F. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:   May 14, 2010
         New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By: /s/

Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2350)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I Shavitz (*pro hac vice* motion forthcoming)
Hal B. Anderson (*pro hac vice* motion forthcoming)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**Attorneys for Plaintiff and the Putative Collective**