THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HECTOR PALACIO, individually and on behalf of all others similarly situated,

        Plaintiff,

-against-

E*TRADE FINANCIAL CORPORATION and E*TRADE BROKERAGE SERVICES, INC.,

        Defendants.

CASE NO. 10-CV-4030 (RJH)

*Document Electronically Filed*

### DEFENDANTS E*TRADE FINANCIAL CORPORATION AND E*TRADE BROKERAGE SERVICES, INC.'S ANSWER AND DEFENSES

Defendants E*TRADE Financial Corporation and E*TRADE Brokerage Services, Inc. (collectively "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint of Plaintiff Hector Palacio ("Plaintiff") in the above-captioned matter by admitting, denying, and averring as follows:

### PRELIMINARY STATEMENT

1. Defendants admit that Plaintiff is a former branch relationship manager that was employed by E*TRADE Brokerage Services, Inc. Defendants further admit that Plaintiff purports to bring this action as a collective action, but deny that the case should proceed as a collective action. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that E*TRADE Financial Corporation is a financial services company that, directly or through one or more subsidiaries, provides online brokerage, investing, and related banking solutions to investors, including individual investors, and that E*TRADE Brokerage Services, Inc. is a subsidiary of E*TRADE Financial Corporation. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that E*TRADE Brokerage Services, Inc. employed Plaintiff at its Fort Lauderdale, Florida branch and that E*TRADE employs other relationship managers at other branches in multiple states across the country. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that E*TRADE Brokerage Services, Inc. classified all of its branch relationship managers as exempt from premium overtime requirements under federal and state law. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint

8. Defendants admit that Plaintiff purports to bring this action as a collective action and that he seeks the relief identified in Paragraph 8 of the Complaint, but deny that the case should proceed as a collective action and deny that he is entitled to any of the relief sought. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9. Defendants aver that the allegations contained in Paragraph 9 of the Complaint call for legal conclusions to which no response is required.

10. Defendants aver that the allegations contained in Paragraph 10 of the Complaint call for legal conclusions to which no response is required.

11. Defendants aver that the allegations contained in Paragraph 11 of the Complaint call for legal conclusions to which no response is required.

12. Defendants aver that the allegations contained in Paragraph 12 of the Complaint call for legal conclusions to which no response is required.

## **THE PARTIES**

13. Defendants admit that E*TRADE Brokerage Services, Inc. employed Plaintiff as a branch relationship manager from approximately October 2007 through November 2008. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that E*TRADE Financial Corporation is a Delaware corporation with its headquarters located at the address identified in Paragraph 15 of the Complaint.

16. Defendants admit that E*TRADE Brokerage Services, Inc. maintains branch offices in multiple states across the country, including New York. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that E*TRADE Brokerage Services, Inc. employed Plaintiff. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants aver that the allegations contained in Paragraph 18 of the Complaint call for legal conclusions to which no response is required.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

20. Defendants admit that Plaintiff is a former branch relationship manager and was employed by E*TRADE Brokerage Services, Inc. Defendants further admit that Plaintiff purports to bring this action as a collective action, but deny that the case should proceed as a collective action. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

**FACTUAL ALLEGATIONS**

22. Defendants admit Plaintiff worked for E*TRADE Brokerage Services, Inc. and was a branch relationship manager for part of his employment. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that E*TRADE Brokerage Services, Inc. classified branch relationship managers as exempt from overtime regardless of the where they worked. Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that E*TRADE Brokerage Services, Inc. did not perform a person-by-person analysis of every branch relationship manager's job duties in classifying each of them as exempt from premium overtime compensation. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that Plaintiff and other branch relationship managers were paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that E*TRADE Brokerage Services, Inc. did not keep accurate records of the hours worked by its branch relationship managers. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint, including subparts (a), (b), (c) and (d).

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that Plaintiff was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## FIRST CAUSE OF ACTION

39. Paragraphs 1-38 above are incorporated by reference as if fully set forth herein.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants aver that the allegations contained in Paragraph 42 of the Complaint call for legal conclusions to which no response is required.

43. Defendants aver that the allegations contained in Paragraph 43 of the Complaint call for legal conclusions to which no response is required.

44. Defendants admit that E*TRADE Brokerage Services, Inc. employed Palacio and other branch relationship managers. Defendants deny that Palacio is similarly situated to other current or former employees. Defendants aver that the remaining allegations contained in Paragraph 44 of the Complaint call for legal conclusions to which no response is required.

45. Defendants aver that the allegations contained in Paragraph 45 of the Complaint call for legal conclusions to which no response is required.

46. Defendants admit that Palacio was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek. Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny that either Plaintiff or any other individuals are entitled to any relief in this action.

## DEMAND FOR TRIAL BY JURY

Defendants aver that Plaintiff waived any right to a trial by jury of the claims asserted in the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein

## DEFENSES

1. Plaintiff's claims are subject to mandatory arbitration.

2. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, setoff, and/or offset.

5. Plaintiff is not entitled to overtime compensation because he was exempt from the overtime provisions of the Fair Labor Standards Act under one or more exemptions, or combination of exemptions, including but not limited to the administrative, executive, professional, outside sales, highly compensated employee, and/or 29 U.S.C. § 207(i).

6. Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins.

7. Plaintiff's claims are barred in whole or in part by statutory exclusions, exceptions, or credits under the FLSA.

8. If Defendants' failure to pay overtime wages was unlawful, although such is not admitted, Defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

9. Defendants' failure to pay Plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

10. If Defendants' failure to pay overtime wages was unlawful, although such is not admitted, none of Defendants' actions or omissions constitutes a willful violation of the Fair Labor Standards Act.

11. Plaintiff was never employed by E*TRADE Financial Corporation, nor were any potential opt-ins.

12. The case should be transferred to the Southern District of Florida.

13. To the extent that anyone who may attempt to opt in to this action has waived or released his or her claims, such claims are barred.

## **RESERVATION OF RIGHTS**

Defendants assert each of these defenses against anyone who has or may seek to opt-in to this case, and reserve the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, Defendants demand judgment as follows:

A. Dismissing Plaintiff's Complaint in its entirety.

B. Granting Defendants their costs, disbursements, and attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/Sean P. Lynch

DATED: June 29, 2010

Thomas A. Linthorst (TL-3345)
Sean P. Lynch (SL-9968)
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey 08540
609.919.6642
609.919.6701 (facsimile)

Attorneys for Defendants
E*TRADE Financial Corporation and
E*TRADE Brokerage Services, Inc.