THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR PALACIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>E*TRADE FINANCIAL CORPORATION and E*TRADE BROKERAGE SERVICES, INC.,<br><br>Defendants. | CASE NO. 10-CV-4030 (RJH)<br><br>*Document Electronically Filed* |

**DEFENDANTS E*TRADE FINANCIAL CORPORATION
AND E*TRADE BROKERAGE SERVICES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STAY PROCEEDINGS PENDING DECISION
ON DEFENDANTS' MOTION TO TRANSFER VENUE**

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................................1

II. PROCEDURAL BACKGROUND ........................................................................2

III. ARGUMENT ..........................................................................................................3

A.  This Court Has the Inherent Discretion to Stay Proceedings ..........................3

B.  A Stay of Proceedings Pending Resolution of Defendants' Motion to Transfer Venue Would Preserve Resources and Facilitate a More Efficient and Economical Administration of this Litigation. ........................................................................3

IV. CONCLUSION.......................................................................................................6

## I. INTRODUCTION

Defendants E*TRADE Financial Corporation ("ETFC") and E*TRADE Brokerage Services, Inc. ("E*TRADE") hereby move for a stay of proceedings in this case until 30 days following this Court's ruling on Defendants' pending Motion to Transfer Venue of this case to the United States District Court for the Southern District of Florida, filed on June 29, 2010. As set forth in Defendants' Motion to Transfer Venue, this case should be transferred to the Southern District of Florida – where Plaintiff Hector Palacio lived and worked as an E*TRADE branch relationship manager. Following this Court's ruling on the Motion to Transfer Venue, Defendants will move to compel arbitration and enforce Plaintiff's contractual agreement to arbitrate his claim for overtime.

Staying the proceedings while the Court determines which jurisdiction and forum will decide the issues presented in this case would best serve the interests of both judicial economy and efficiencies for the parties. A stay would avoid the unnecessary expenditure of this Court's resources were it to grant a transfer, and would promote the most efficient administration of this litigation. The stay also would allow for the determination of which forum and jurisdiction will hear the case, and under which rules and procedures, prior to engaging in case scheduling, motion practice, conferences, and/or discovery in this forum, which may be completely inapplicable in the forum or jurisdiction that hears the case. Further, requiring the parties to move forward with Court litigation while the transfer and arbitration issues remain pending would be contrary to the agreement between the parties that Plaintiff's claims would be resolved solely by binding arbitration.

Defendants respectfully request that the stay extend for 30 days following the Court's ruling on the Motion to Transfer Venue to allow for briefing on a motion to compel arbitration, and a renewed motion to stay if necessary, in the appropriate Court.

## II.  PROCEDURAL BACKGROUND

Plaintiff Hector Palacio – a former branch relationship manager in E*TRADE's Fort Lauderdale, Florida branch – filed a Complaint on May 14, 2010, asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  Palacio alleges that Defendants failed to pay him overtime for all hours worked over 40 in a workweek.  Palacio seeks to bring an FLSA collective action on behalf of all similarly situated relationship managers who worked for E*TRADE in branches across the country.  At all relevant times, Palacio has resided and worked in Florida.

Defendants have moved to transfer venue pursuant to 28 U.S.C. § 1404(a) from the Southern District of New York to the Southern District of Florida – the judicial district encompassing Fort Lauderdale – on the grounds that the convenience of the parties and the interests of justice strongly militate in favor of transfer.  The parties agreed to extend the deadline for Palacio to respond to Defendants' Motion to Transfer Venue to July 23, 2010, with any reply due on or before July 30, 2010.  Defendants respectfully submit that the Court should stay all further proceedings, including the initial conference scheduled for July 30, 2010 and all other conferences, disclosures, discovery, or other proceedings, pending this Court's decision on Defendants' Motion to Transfer Venue.

## III. ARGUMENT

### A. This Court Has the Inherent Discretion to Stay Proceedings.

Federal courts have the discretion to control their dockets by staying proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Indeed, the power to stay litigation is "incidental to the power inherent in every court to control the disposition of the causes of the docket with economy of time and effort for itself, for counsel, and for litigants." Lasala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005); see also Kappel v. Comfort, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996). In deciding whether to exercise their inherent powers in granting a stay, courts look to several factors, including the interests of the plaintiff in proceeding expeditiously, the private interests of, and burden on, the defendants, the interests of the courts, the interests of persons not parties to the civil litigation, and the public interest. Kappel, 914 F.Supp. at 1058. Here, all of the applicable factors weigh in favor of the issuance of a stay of proceedings pending resolution of Defendants' Motion to Transfer Venue.

### B. A Stay of Proceedings Pending Resolution of Defendant's Motion to Transfer Venue Would Preserve Resources and Facilitate a More Efficient and Economical Administration of this Litigation.

Both the Court and the parties would be best served by awaiting resolution of which tribunal will hear this case before proceeding further in this Court. As set forth in Defendants' Motion to Transfer, Plaintiff Palacio signed an agreement that any dispute or claim arising out of or relating to his employment – which plainly covers his claim for overtime – would be resolved by binding arbitration. (See Declaration of Scott Stevenson ¶ 3, Ex. A, submitted with Defendants Motion to Transfer). Moreover, even in the unlikely event that the arbitration agreement was not enforced, the case should proceed in the Southern District of Florida because the key witnesses – including Palacio, his branch manager and his co-workers – and documents are located in and around Fort Lauderdale. Further, Palacio's arbitration agreement also

provides that should the arbitration agreement not be enforceable for any reason, he agrees that any disputes shall be resolved in the state or federal court where he worked, which in this case would be the Southern District of Florida.[1]  Compelling the parties to proceed with this case in this Court prior to a resolution of the Motion to Transfer Venue would be a waste of resources for both the Court and the parties.

A stay here comports with one of the principles underlying a Section 1404(a) transfer – the strong policy recognizing the "local interest in having localized controversies decided at home."  Sheet Metal Workers' Nat. Pension Fund v. Gallagher, 669 F. Supp. 88, 92 (S.D.N.Y. 1987).  The center of gravity of Palacio's claim is Fort Lauderdale, Florida.  The Southern District of Florida – which has a courthouse located less than a mile from the Fort Lauderdale branch where Palacio worked – is the court with the "local interest" in this action.

A stay also will preserve the Court's and the parties' resources by avoiding proceedings – including scheduling, motion practice, conferences, and/or discovery – that may be completely inapplicable in the forum or jurisdiction that hears the case.  Defendants intend to move to compel arbitration pursuant to the arbitration agreement executed by Palacio.  Should Defendants' Motions to Stay and to Transfer Venue be granted, the motion to compel arbitration will be for the Southern District of Florida to decide.  And should the case be compelled to arbitration, a different set of rules and procedures would apply, and continuing proceedings in this Court would be contrary to the arbitration agreement between the parties.[2]

---

[1]  As set forth in the Motion to Transfer Venue (Memorandum at 11-12), each of the individuals who have purported to opt-in to this case are subject to agreements with the same provisions relating to arbitration and forum selection as Palacio.  If necessary, Defendants will move to compel arbitration of each of their claims as well.

[2]  Such proceedings might include a motion by Plaintiff seeking conditional certification of an FLSA collective action, and approval of a court-authorized notice.  Any such submission likely would prompt extensive briefing and accelerated discovery (and all disputes that may

Moreover, Palacio's arbitration agreement also provides that should the arbitration agreement not be enforceable for any reason, he agrees that any disputes shall be resolved in the state or federal court where he worked, which in this case would be the Southern District of Florida. Even were the case to remain in Court in Florida, proceedings in this case before a determination of the pending Motion to Transfer Venue would likely result in those efforts having to be duplicated or, at a minimum, revisited before that Court.

Either way, this case should not remain in this Court, and it would be a waste of this Court's and the parties' resources for proceedings to continue in this Court before the Court has an opportunity to decide the Motion to Transfer Venue.

Finally, any possible prejudice to Plaintiff is negligible, as Plaintiff has expended limited resources to date; this action is still in its infancy, and discovery has not yet begun. A limited stay pending resolution of the venue question will thus have little, if any, impact on Plaintiff's case. Indeed, even if Plaintiff could articulate some arguable prejudice by virtue of a short stay, any such delay is of his own making. It was Plaintiff's strategic decision to breach his agreement to resolve his claims in arbitration, and then to file this case over 1,000 miles away rather than in the District in which he worked. Plaintiff can avoid further delay by stipulating to transfer to the Southern District of Florida and to arbitration.

---

come along with that). The parties would be required to engage in a host of discovery-related activities and extensive briefing, all of which would become moot should the case be compelled to arbitration.

## IV. **CONCLUSION**

Defendants respectfully request that the Court stay all proceedings until 30 days following the Court's decision on Defendants' Motion to Transfer Venue. This stay would allow for the orderly and efficient administration of the litigation and, following the Court's ruling on the Motion to Transfer Venue, provide the parties with a reasonable period of time for briefing on a motion to compel arbitration, and a renewed motion to stay if necessary, in the appropriate Court.

                              MORGAN, LEWIS & BOCKIUS LLP

Dated: July 6, 2010                By:   s/Sean P. Lynch
                                            Thomas A. Linthorst
                                            Sean P. Lynch
                                            502 Carnegie Center
                                            Princeton, New Jersey 08540
                                            (609) 919-6642
                                            *Attorneys for Defendants E\*TRADE Financial Corporation and E\*TRADE Brokerage Services, Inc.*