OUTTEN & GOLDEN LLP
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
Jennifer L. Liu (JL 7981)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

SHAVITZ LAW GROUP, P.A.
Gregg I Shavitz (*pro hac vice* motion submitted)
Hal B. Anderson (*pro hac vice* motion submitted)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR PALACIO, RICARDO ROCHA, MARTIN DIXON, and ALLEN CUMMINGS, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E*TRADE FINANCIAL CORPORATION, and E*TRADE BROKERAGE SERVICES, INC.,<br><br>Defendants. | No. 10 Civ. 4030 (RJH)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Hector Palacio, Ricardo Rocha, Martin Dixon, and Allen Cummings, individually and on behalf of all others similarly situated, by their attorneys at Outten and Golden LLP and Shavitz Law Group, P.A., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiffs, former relationship managers employed by Defendants E*TRADE Financial Corporation, and E*TRADE Brokerage Services, Inc. ("E*Trade" or "Defendants"), bring this action on behalf of themselves and other similarly situated current and former relationship managers who worked overtime for Defendants, but were unlawfully denied

1

overtime premium pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

2. Defendant E*TRADE Financial Corporation is a financial services company that provides online brokerage and related products and services to millions of individual retail investors nationwide. Defendant E*TRADE Brokerage Services, Inc. is a subsidiary of E*TRADE Financial Corporation.

3. E*Trade employs relationship managers such as Plaintiffs and others similarly situated at its branch locations and call centers nationwide.

4. It is E*Trade's policy to deprive its relationship managers, including Plaintiffs, of overtime wages to which the law entitles them.

5. Upon information and belief, E*Trade has classified all of its relationship managers as exempt from overtime pay requirements under federal and state law.

6. E*Trade's purpose in classifying its relationship managers as exempt from overtime pay requirements under federal and state law was in order to avoid paying them all of their earned wages.

7. By the conduct described in this Complaint, E*Trade willfully violated the Fair Labor Standards Act by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

8. Plaintiffs seek to recover unpaid wages that E*Trade owes them and similarly situated current and former E*Trade relationship managers. They bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of themselves and all similarly situated current and former relationship managers who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

10.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b). Both Defendants reside in New York, New York. Both Defendants are subject to personal jurisdiction in New York.

## THE PARTIES

*Plaintiff Hector Palacio*

13.     Plaintiff Hector Palacio was employed by E*Trade from approximately April 2006 through November 2008.

14.     From approximately April 2006 to October 2007, Palacio worked for E*Trade as a financial service representative in Salt Lake City, Utah. From approximately October 2007 to November 2008, Palacio worked as a relationship manager in an E*Trade branch located in Fort Lauderdale, Florida.

15.     Pursuant to E*Trade's policy and pattern or practice, Palacio regularly performed work as a relationship manager for E*Trade's benefit without proper compensation. E*Trade did not pay Palacio a proper overtime premium for hours he worked as a relationship manager for E*Trade's benefit in excess of forty (40) hours in a workweek.

*Plaintiff Ricardo Rocha*

16.     Plaintiff Ricardo Rocha was employed by E*Trade from approximately March 2007 through January 2008.

17.     Throughout his employment with E*Trade, Rocha worked as a relationship manager in an E*Trade branch located in Houston, Texas.

18.     Pursuant to E*Trade's policy and pattern or practice, Rocha regularly performed work for E*Trade's benefit without proper compensation.  E*Trade did not pay Rocha a proper overtime premium for hours he worked for E*Trade's benefit in excess of forty (40) hours in a workweek.

*Plaintiff Martin Dixon*

19.     Plaintiff Martin Dixon was employed by E*Trade from approximately August 2006 through May 2008.

20.     From approximately August 2006 to May or June 2007, Dixon worked for E*Trade as a financial service representative in Tampa, Florida.  From approximately May or June 2007 to November 2007, Dixon worked as a relationship manager in an E*Trade call center located in Tampa, Florida.  From approximately November 2007 to May 2008, Dixon worked as a relationship manager in an E*Trade call center located in Alpharetta, Georgia.

21.     Pursuant to E*Trade's policy and pattern or practice, Dixon regularly performed work as a relationship manager for E*Trade's benefit without proper compensation.  E*Trade did not pay Dixon a proper overtime premium for hours he worked as a relationship manager for E*Trade's benefit in excess of forty (40) hours in a workweek.

*Plaintiff Allen Cummings*

22. Plaintiff Allen Cummings was employed by E*Trade from approximately February 2005 through April 2008.

23. From February 2005 through April 2008, Cummings worked as a relationship manager in an E*Trade call center located in Alpharetta, Georgia.

24. Pursuant to E*Trade's policy and pattern or practice, Cummings regularly performed work as a relationship manager for E*Trade's benefit without proper compensation. E*Trade did not pay Cummings a proper overtime premium for hours he worked as a relationship manager for E*Trade's benefit in excess of forty (40) hours in a workweek.

25. Written consent forms for Named Plaintiffs Palacio, Rocha, Dixon, and Cummings are attached as **Exhibit A** to this Complaint.

*The Defendants*

26. E*Trade Financial Corporation is a Delaware corporation with its headquarters located at 135 East 57th Street, New York, New York 10022.

27. E*Trade Brokerage Services is a Delaware corporation with its headquarters located at 135 East 57th Street, New York, New York 10022.

28. The Defendants each employed Plaintiffs and other similarly situated current and former employees.

29. The Defendants each had the power to control the terms and conditions of employment of Named Plaintiffs and the members of the putative class, including those relating to the FLSA violations alleged herein, from their New York headquarters.

30. The Defendants are each covered employers within the meaning of the FLSA.

31. The Defendants have each had gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for E*Trade as relationship managers, or in similar positions with comparable titles, who elect to opt in to this action (the "FLSA Collective").

33. E*Trade is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. There are many similarly situated current and former E*Trade employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to E*Trade, are readily identifiable, and can be located through E*Trade's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

34. Plaintiffs worked for E*Trade as relationships managers.

35. Plaintiffs worked more than 40 hours during most weeks in which they worked for E*Trade.

36. E*Trade failed to pay Plaintiffs and the members of the FLSA Collective overtime compensation for any of the hours they worked over 40 in a work week.

37. E*Trade failed to keep accurate records of the hours that Plaintiffs' and the members of the FLSA Collective worked.

38. Throughout the relevant period, it has been E*Trade's policy and pattern or practice to require, suffer, or permit Plaintiffs and the members of the FLSA Collective to work in excess of forty (40) hours per week without paying them overtime wages.

39. All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by E*Trade and/or E*Trade has been aware of all of the work that Plaintiffs and the members of the FLSA Collective have performed.

40. Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its New York headquarters, E*Trade classified all of its relationship managers as exempt from the FLSA's overtime protections regardless of where they worked.

41. E*Trade did not perform a person-by-person analysis of every relationship managers' job duties in making its decision to classify all of its relationship managers as exempt.

42. Plaintiffs and all members of the FLSA Collective performed the same primary job duties.

43. As part of its regular business practice, E*Trade has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective. This policy and pattern or practice includes but is not limited to:

(a) willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of E*Trade;

(b) willfully failing to keep payroll records as required by the FLSA;

(c) willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the requirements of the FLSA; and

(d) willfully failing to pay their employees, including Plaintiffs and the members of the FLSA Collective, overtime wages for hours that they worked in excess of forty (40) hours per week.

44. E*Trade is aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) hours per week.

45. E*Trade's unlawful conduct has been widespread, repeated, and consistent.

46. E*Trade intentionally misled Plaintiffs and the members of the FLSA Collective into believing they were properly classified as exempt employees by, among other practices, informing them that they were exempt employees and labeling their position "Relationship Managers," where the position had previously been named "Relationship Specialists" and/or "Relationship Sales Associate."

## FIRST CAUSE OF ACTION
**(Fair Labor Standards Act:  Unpaid Overtime Wages)**
**(Brought on Behalf of Plaintiffs and Similarly Situated Current and Former Employees)**

47. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

48. E*Trade has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

49. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to E*Trade.

51. E*Trade is an employer of Plaintiffs and other similarly situated current and former employees and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Plaintiffs and other similarly situated current and former employees were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. E*Trade has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

54. E*Trade's violations of the FLSA, as described in this Complaint, have been willful and intentional.

55. Because E*Trade's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56. As a result of E*Trade's willful violations of the FLSA, Plaintiffs and other similarly situated current and former relationship managers, and those working in similar positions with comparable titles, have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by E*Trade as relationship managers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C. An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

D. Pre-judgment interest;

E. Attorneys' fees and costs of the action; and

F. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 16, 2010
New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By: _____
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
Jennifer L. Liu (JL 7981)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I Shavitz (*pro hac vice* motion submitted)
Hal B. Anderson (*pro hac vice* motion submitted)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiffs and the Putative Collective*

10

# EXHIBIT A

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2350)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP PA**
Greg L Shavitz (*pro hac vice motion forthcoming*)
Hal B. Anderson (*pro hac vice motion forthcoming*)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HECTOR PALACIO, individually and on behalf all others similarly situated,

                Plaintiff,

v.

E*TRADE FINANCIAL CORPORATION, E*TRADE BROKERAGE SERVICES, INC.

                Defendants.

## CONSENT TO JOIN

1. I consent to be a party plaintiff in a lawsuit against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I designate Outten & Golden LLP and Shavitz Law Group PA to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP and Shavitz Law Group PA will petition the Court for attorneys fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claim against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities or persons potentially liable.

1

_[signature]_
Signature

REDACTED

Address

Fort Lauderdale, FL 33308
City, State / Zip Code

| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **SHAVITZ LAW GROUP PA** |
| Justin M. Swartz (JS 7989) | Greg I. Shavitz (*pro hac vice motion forthcoming*) |
| Molly A. Brooks (MB 2350) | Hal B. Anderson (*pro hac vice motion* |
| 3 Park Avenue, 29th Floor | *forthcoming*) |
| New York, New York 10016 | 1515 S. Federal Highway, Suite 404 |
| Telephone: (212) 245-1000 | Boca Raton, Florida 33432 |
| Facsimile: (212) 977-4005 | Telephone: (561) 447-8888 |
| | Facsimile: (561) 447-8831 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

HECTOR PALACIO, individually and on behalf
all others similarly situated,

                Plaintiff,

v.

E*TRADE FINANCIAL CORPORATION,
E*TRADE BROKERAGE SERVICES, INC.

                Defendants.

---

## CONSENT TO JOIN

1. I consent to be a party plaintiff in a lawsuit against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I designate Outten & Golden LLP and Shavitz Law Group PA to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP and Shavitz Law Group PA will petition the Court for attorneys fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claim against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities or persons potentially liable.

_____
Signature

RICARDO JEREMY ROCHA
Full Legal Name (print)

REDACTED

Houston, TX.          77056
City, State              Zip Code

2

| | |
|---|---|
| **OUTTEN & GOLDEN LLP** <br> Justin M. Swartz (JS 7989) <br> Molly A. Brooks (MB 2350) <br> 3 Park Avenue, 29th Floor <br> New York, New York 10016 <br> Telephone: (212) 245-1000 <br> Facsimile: (212) 977-4005 | **SHAVITZ LAW GROUP PA** <br> Greg I. Shavitz (*pro hac vice motion forthcoming*) <br> Hal B. Anderson (*pro hac vice motion forthcoming*) <br> 1515 S. Federal Highway, Suite 404 <br> Boca Raton, Florida 33432 <br> Telephone: (561) 447-8888 <br> Facsimile: (561) 447-8831 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

HECTOR PALACIO, individually and on behalf all others similarly situated,

       Plaintiff,

v.

E*TRADE FINANCIAL CORPORATION,
E*TRADE BROKERAGE SERVICES, INC.

       Defendants.

### CONSENT TO JOIN

  1. I consent to be a party plaintiff in a lawsuit against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

  2. By signing and returning this consent form, I designate Outten & Golden LLP and Shavitz Law Group PA to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP and Shavitz Law Group PA will petition the Court for attorneys fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

  3. I also consent to join any separate or subsequent action to assert my claim against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities or persons potentially liable.

1

_[signature]_
Signature

MARTIN J. DIXON
Full Legal Name (print)

REDACTED
Address

TAMPA FL        33626
City, State            Zip Code

2

| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz (JS 7989)<br>Molly A. Brooks (MB 2350)<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>Telephone: (212) 245-1000<br>Facsimile: (212) 977-4005 | **SHAVITZ LAW GROUP PA**<br>Greg I. Shavitz (*pro hac vice motion forthcoming*)<br>Hal B. Anderson (*pro hac vice motion forthcoming*)<br>1515 S. Federal Highway, Suite 404<br>Boca Raton, Florida 33432<br>Telephone: (561) 447-8888<br>Facsimile: (561) 447-8831 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

HECTOR PALACIO, individually and on behalf all others similarly situated,

                Plaintiff,

v.

E*TRADE FINANCIAL CORPORATION,
E*TRADE BROKERAGE SERVICES, INC.

                Defendants.

### CONSENT TO JOIN

1. I consent to be a party plaintiff in a lawsuit against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I designate Outten & Golden LLP and Shavitz Law Group PA to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP and Shavitz Law Group PA will petition the Court for attorneys fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claim against E*TRADE FINANCIAL CORPORATION and/or E*TRADE BROKERAGE SERVICES, INC., and/or related entities or persons potentially liable.

_[signature]_
**Signature**

Allen KAY Cummings Jr.
**Full Legal Name (print)**

REDACTED

Canton           GA           30115
**City, State**                **Zip Code**

2

## CERTIFICATE OF SERVICE

I, Mary Connolly, under penalties of perjury, certify the following as true and correct: I am not a party to this action; and I am over 18 years of age. On this 16th day of June 2010, I served a true and correct copy of the foregoing: "First Amended Class Action Complaint," herewith by causing same to be served by Fedex to the following attorney of record for E-Trade Financial Corporation, and E-Trade Brokerage Services, Inc., defendants in this action, whose last known address is:

> Thomas A. Linthorst, Esq.
> Sean P. Lynch, Esq.
> Morgan Lewis
> 502 Carnegie Center
> Princeton, NJ 08540

Dated: July 16, 2010
       New York, New York

**Mary Connolly**
Paralegal
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: (212) 245-1000
Fax: (212) 977-4005