**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HECTOR PALACIO, RICARDO ROCHA, MARTIN DIXON and ALLEN CUMMINGS, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>      -against-<br><br>E*TRADE FINANCIAL CORPORATION and E*TRADE BROKERAGE SERVICES, INC.,<br><br><br>         Defendants. | CASE NO.  10-CV-4030 (RJH)<br><br>*Document Electronically Filed* |

**DEFENDANTS E*TRADE FINANCIAL CORPORATION AND**
**E*TRADE BROKERAGE SERVICES, INC.'S**
**ANSWER AND DEFENSES**

Defendants E*TRADE Financial Corporation and E*TRADE Brokerage Services, Inc. (collectively "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint of Plaintiffs Hector Palacio, Ricardo Rocha, Martin Dixon and Allen Cummings (collectively "Plaintiffs") in the above-captioned matter by admitting, denying, and averring as follows:

**PRELIMINARY STATEMENT**

1.     Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and others referred to in Paragraph 1, but deny that the case should proceed as a collective action.  Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.       Defendants admit that E*TRADE Financial Corporation is a financial services company that, directly or through one or more subsidiaries, provides online brokerage, investing, and related banking solutions to investors, including individual investors, and that E*TRADE Brokerage Services, Inc. is a subsidiary of E*TRADE Financial Corporation.  Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.       Defendants admit that E*TRADE Brokerage Services, Inc. employs relationship managers at branch locations in numerous states.  Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.       Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.       Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.       Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.       Defendants deny the allegations contained in Paragraph 7 of the Complaint

8.       Defendants admit that Plaintiffs purport to bring this action as a collective action and that they seeks the relief identified in Paragraph 8 of the Complaint, but deny that the case should proceed as a collective action and deny that they are entitled to any of the relief sought. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.       Defendants aver that the allegations contained in Paragraph 9 of the Complaint call for legal conclusions to which no response is required.

10.      Defendants aver that the allegations contained in Paragraph 10 of the Complaint call for legal conclusions to which no response is required.

11.      Defendants aver that the allegations contained in Paragraph 11 of the Complaint call for legal conclusions to which no response is required.

12.     Defendants aver that the allegations contained in Paragraph 12 of the Complaint call for legal conclusions to which no response is required.

## THE PARTIES

### Plaintiff Hector Palacio

13.     Defendants admit that E*TRADE Brokerage Services, Inc. employed Plaintiff Hector Palacio from approximately October 2007 through November 2008.  Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit that from approximately April 2006 to October 2007, Palacio was employed by a subsidiary of E*TRADE Financial Corporation as a financial services representative in Sandy, Utah, and that E*TRADE Brokerage Services, Inc. employed Palacio as a branch relationship manager at its Fort Lauderdale, Florida branch from approximately October 2007 through November 2008.  Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit that during his employment as a relationship manager, Plaintiff Hector Palacio was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek.  Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

### Plaintiff Ricardo Rocha

16.     Defendants admit that E*TRADE Brokerage Services, Inc. employed Plaintiff Ricardo Rocha from approximately August 2006 to June 2007.   Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that E*TRADE Brokerage Services, Inc. employed Plaintiff Ricardo Rocha as a branch relationship manager at its Houston, Texas branch.  Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that Plaintiff Ricardo Rocha was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

***Plaintiff Martin Dixon***

19.     Defendants admit that Plaintiff Martin Dixon was employed by a subsidiary of E*TRADE Financial Corporation from approximately August 2006 to June 2008.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit that Plaintiff Martin Dixon was employed by a subsidiary of E*TRADE Financial Corporation as financial services representative from August 2006 to March 2007.  Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

***Plaintiff Allen Cummings***

22.     Defendants admit that Plaintiff Allen Cummings was employed by a subsidiary of E*TRADE Financial Corporation from approximately February 2005 to April 2008. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit that Plaintiff Allen Cummings was employed as an Executive Services Relationship Manager from February 2005 to April 2008.  Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that during his employment as an Executive Services Relationship Manager, Plaintiff Allen Cummings was paid a salary for all time worked and did not receive an overtime premium for any hours worked over 40 in a workweek.  Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants aver that the documents referenced in Paragraph 25 of the Complaint speak for themselves.  Accordingly, no responsive pleading is required.

***The Defendants***

26.     Defendants admit that E*TRADE Financial Corporation is a Delaware corporation with its headquarters located at the address identified in Paragraph 26 of the Complaint.

27.     Defendants admit that E*TRADE Brokerage Services, Inc. is a Delaware corporation with its headquarters located at the address identified in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants aver that the allegations contained in Paragraph 30 of the Complaint call for legal conclusions to which no response is required.

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

32.     Defendants admit that Plaintiffs purport to bring this action as a collective action, but deny that the case should proceed as a collective action.  Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

## FACTUAL ALLEGATIONS

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants admit that Plaintiffs were paid a salary for all time worked and that they did not receive an overtime premium for any hours worked over 40 in a workweek during the periods of their employment where they performed exempt job duties.  Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit that E*TRADE Brokerage Services, Inc. did not keep accurate records of the hours worked by its branch relationship managers.  Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint, including subparts (a), (b), (c) and (d).

44.    Defendants admit that they are aware of their overtime obligations under federal law but deny that Plaintiffs were entitled to an overtime premium for hours worked over forty (40) in a workweek during the periods of their employment where they performed exempt job duties, and deny the remaining allegations in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## FIRST CAUSE OF ACTION

47.     Paragraphs 1-46 above are incorporated by reference as if fully set forth herein.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants aver that the allegations contained in Paragraph 49 of the Complaint call for legal conclusions to which no response is required.

50.     Defendants aver that the allegations contained in Paragraph 50 of the Complaint call for legal conclusions to which no response is required.

51.     Defendants admit that, at certain times, E*TRADE Brokerage Services, Inc. employed Plaintiffs Palacio and Rocha.  Defendants deny that Plaintiffs are similarly situated to each other or to others.  Defendants aver that the remaining allegations contained in Paragraph 51 of the Complaint call for legal conclusions to which no response is required.

52.     Defendants aver that the allegations contained in Paragraph 52 of the Complaint call for legal conclusions to which no response is required.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that either Plaintiffs or any other individuals are entitled to any relief in this action.

## DEMAND FOR TRIAL BY JURY

Defendants aver that Plaintiffs waived any right to a trial by jury of the claims asserted in the Complaint.

**GENERAL DENIAL**

Defendants deny each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein

**DEFENSES**

1.      Plaintiffs' claims are subject to mandatory arbitration.

2.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, setoff, and/or offset.

5.      Plaintiffs are not entitled to overtime compensation in this action because they were exempt from the overtime provisions of the Fair Labor Standards Act under one or more exemptions, or combination of exemptions, including but not limited to the administrative, executive, professional, outside sales, highly compensated employee, and/or 29 U.S.C. § 207(i).

6.      Plaintiffs' claims cannot be properly joined with each other or the claims of any potential opt-ins.

7.      Plaintiffs' claims are barred in whole or in part by statutory exclusions, exceptions, or credits under the FLSA.

8.      If Defendants' failure to pay overtime wages was unlawful, although such is not admitted, Defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

9.      Any failure of Defendants to pay Plaintiffs overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

10.      If Defendants' failure to pay overtime wages was unlawful, although such is not admitted, none of Defendants' actions or omissions constitutes a willful violation of the Fair Labor Standards Act.

11.      Plaintiffs were never employed by E*TRADE Financial Corporation, nor were any potential opt-ins.  Plaintiffs Dixon and Cummings, and Opt-In Ford were never employed by E*TRADE Brokerage Services, Inc.

12.      The case should be transferred to the Southern District of Florida or such other venue as is appropriate.

13.      Plaintiffs have waived or released their claims in whole or in part.

14.      Plaintiffs' claims are barred in whole or in party by *res judicata* and/or collateral estoppel.

## **RESERVATION OF RIGHTS**

Defendants assert each of these defenses against anyone who has or may seek to opt-in to this case, and reserve the right to assert additional defenses as Plaintiffs' claims are clarified in the course of this litigation.

**WHEREFORE**, Defendants demand judgment as follows:

A.      Dismissing Plaintiffs' Complaint in its entirety.

B.      Granting Defendants their costs, disbursements, and attorneys' fees incurred in this action; and

C.      Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Sean P. Lynch
DATED:  August 12, 2010                 Thomas A. Linthorst (TL-3345)
                                        Sean P. Lynch (SL-9968)
                                        Morgan, Lewis & Bockius LLP
                                        502 Carnegie Center
                                        Princeton, New Jersey 08540
                                        609.919.6642
                                        609.919.6701 (facsimile)

                                        Attorneys for Defendants
                                        E*TRADE Financial Corporation and
                                        E*TRADE Brokerage Services, Inc.